UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY PORTER,

    Petitioner,     Civil No. 04-74509-DT
                                HONORABLE NANCY G. EDMUNDS
v.                              UNITED STATES DISTRICT JUDGE

BARBARA BOUCHARD,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Leroy Porter, ("petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of possession with intent to deliver less than fifty grams of cocaine, M.C.L.A. 333.7401(2)(a)((iv); M.S.A. 14.15 (7401)(2)(a)(iv), and being a fourth felony habitual offender, M.C.L.A. 769.12; M.S.A. 20.1084. Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court and was sentenced to ten to fifty years in prison on April

19, 1999.

Petitioner's request for the appointment of appellate counsel was untimely, because it was received by the Wayne County Circuit Court Clerk on July 7, 1999, more than forty two days after petitioner was sentenced. [1] Under M.C.R. 6.425(F)(3), petitioner was required to complete and return the request for the appointment of appellate counsel to the trial court within forty two days of sentencing. M.C.R. 7.204(A)(2)(c) states that an appeal by right in a criminal case must be taken within 42 days after entry of the judgment. The Michigan Court Rules do not have any provisions for reviving an appeal of right once it is lost. Instead, a defendant who loses his appeal by right is required to file an application for leave to appeal. M.C.R. 7.205(F)(1).

On August 17, 1999, the trial court did appoint appellate counsel for petitioner. However, the Michigan Court of Appeals dismissed petitioner's application for leave to appeal, because appellate counsel did not file the application within the twelve month time period required by M.C.R. 7.205(F)(3). *People v. Porter,* 227366 (Mich.Ct.App. July 12, 2000). Petitioner then attempted to file his own *pro se* application for leave to appeal, which was also rejected as being untimely filed. *People v. Porter,* 229567 (Mich.Ct.App. November 8, 2000). Petitioner did not file

---

[1] *See* Delayed Application for Leave to Appeal to the Michigan Court of Appeals, dated November 7, 2003, p. 2, ¶ 3, attached to Petitioner's Letter to this Court, dated July 19, 2005 [Court Docket Entry # 24]; *See also* Motion for Relief From Judgment, p. 2, ¶ 5, dated November 18, 2002 [Court Docket Entry # 21].

an application for leave to appeal to the Michigan Supreme Court.

On or about May 2, 2002, petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq.* The trial court appointed post-conviction counsel for petitioner, who filed a supplemental motion for relief from judgment. Post-conviction relief was denied by the trial court on February 13, 2003. *People v. Porter,* 98-7248 (Wayne County Circuit Court, February 13, 2003). The Michigan Court of Appeals denied petitioner's application for leave to appeal on March 15, 2004. *People v. Porter,* 252055 (Mich.Ct.App. March 15, 2004). By his own admission, petitioner never appealed the denial of his post-conviction motion to the Michigan Supreme Court. The instant petition for writ of habeas corpus was filed on November 11, 2004. [2]

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on November 11, 2004, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

3

action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

The Court must initially determine when petitioner's conviction became "final", in order to determine when the one year limitations period began running. For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). Petitioner was sentenced on April 19, 1999. Petitioner failed to file a timely request for the appointment of appellate counsel within forty two days of sentencing, as required by M.C.R. 6.425(F)(3). A timely request by petitioner for the appointment of appellate counsel would have acted as a claim of appeal. *See People v. Hernandez,* 443 Mich. 1, 19-20; 503 N.W, 2d 629 (1993)(citing to staff comments for M.C.R. 6.425(F)(3)). Under M.C.R. 7.204 (A)(2)(c), petitioner would have had forty two days from the date

of the judgment of sentence to file an appeal of right with the Michigan Court of Appeals. The Michigan Court Rules do not have any provisions for reviving an appeal of right once it is lost. Instead, a defendant who loses his appeal by right is required to file an application for leave to appeal. M.C.R. 7.205(F)(1).

This Court believes that the one-year limitations period began running on May 30, 1999, when the forty two day period for petitioner to file a notice or claim of appeal from the judgment of conviction expired. *See Bethea v. Girdich,* 293 F. 3d 577, 578 (2nd Cir. 2002). Although petitioner subsequently attempted to file two applications for leave to appeal with the Michigan Court of Appeals, the process of filing a delayed application for leave to appeal under M.C.R. 7.205(F) is essentially akin to filing a motion to file a late appeal. A motion to extend time to appeal or to file a late notice of appeal does not extend the AEDPA's limitations period. *Bethea v. Girdich,* 293 F. 3d at 579. In *Raynor v. Dufrain,* 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998), the federal habeas court held that the one year limitation period to seek habeas corpus relief from the state court conviction began to run at the expiration of the thirty day period allowed under New York law to appeal the conviction, and not when the state appellate court denied the petitioner's motion to file a late appeal. This Court further notes that the Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana*[3], has noted that "[the Michigan courts have generally adopted the view that

---

[3] 442 U.S. 510 (1979).

5

long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F. 3d 656, 659 (6th Cir. 2000)(*citing to People v. Ward,* 459 Mich. 602; 594 N.W. 2d 47 (1999)(rejecting a defendant's argument that his delayed appeal, filed more than twelve months after his conviction, was part of his direct appeal, and holding that "long delayed direct appeals are deemed collateral"). This Court therefore concludes that petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on May 30, 1999, when the time for petitioner to file a notice of appeal expired.

Moreover, even assuming that petitioner's applications for leave to appeal were part of the direct review process or otherwise delayed the commencement of the limitations period, the Michigan Court of Appeals rejected petitioner's *pro se* application for leave to appeal on November 8, 2000. Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not timely file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, at the very latest on January 3, 2001, fifty six days after the Michigan Court of Appeals denied petitioner's *pro se* application for leave to appeal. *See Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Thus, even giving petitioner the benefit of the doubt, petitioner had until January 3, 2002 to timely file a petition for writ of habeas corpus with this Court unless the limitations

period was somehow tolled.

In the present case, petitioner filed a post-conviction motion for relief from judgment with the trial court on May 2, 2002, after the one year limitation period had already expired. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001). However, a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.* Moreover, the mere fact that petitioner raised a claim of ineffective assistance of appellate counsel in his post-conviction motion would not re-start the one year limitations process anew. A motion for state post-conviction review which alleges ineffective assistance of appellate counsel tolls, but does not restart, the AEDPA's limitations period. *See Allen v. Yukins,* 366 F. 3d 396, 401 (6th Cir. 2004); *See also McClendon v. Sherman,* 329 F. 3d 490, 493 (6th Cir. 2003). Because the limitations period had already expired by the time that the post-conviction motion was filed, the fact that petitioner alleged the ineffective assistance of appellate counsel in this motion would not revive the statute of limitations.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.

In the present case, petitioner has failed to offer any reasons for the untimely filing of his petition for writ of habeas corpus. In his petition, petitioner indicates that he did not appeal from the adverse action on any petition, application or motions because of his lack of constructive knowledge of the filing requirement for appealing these decisions, and the fact that he had no legal help or knowledge of the law. [4] It is unclear if petitioner is referring to his failure to file timely appeals in the Michigan courts or his failure to timely file his petition for writ of habeas corpus. However, none of these reasons would toll the limitations period for filing a petition for writ of habeas corpus. To the extent that petitioner was unaware of the AEDPA's limitations period, this would not excuse the untimely filing of the petition. Equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of a habeas petitioner's alleged lack of actual or constructive knowledge of the filing

---

[4] *See* Petition for Writ of Habeas Corpus, p. 6, ¶ 13 (c).

requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen v. Yukins,* 366 F. 3d at 402-03. In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.* An inmate's lack of legal training, poor education, or even his illiteracy likewise does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Finally, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *See Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1) and will summarily dismiss it. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753.  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


        s/Nancy G. Edmunds
        **Nancy G. Edmunds**
        **United States District Judge**

**Dated: August 5, 2005**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 5, 2005, by electronic and/or ordinary mail.**

        s/Carol A. Hemeyer
        **Case Manager**